UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. _____

THOMAS J. GOHN,

    Plaintiff,

v.

CAPITAL ACCOUNTS LLC d/b/a CAPITAL ACCOUNTS OF TENNESSEE, LLC; and TAMPA BAY PODIATRY ASSOCIATES, P.A.,

    Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Thomas J. Gohn ("Mr. Gohn") files this action against Defendants Capital Accounts, LLC, ("Capital Accounts") and Tampa Bay Podiatry Associates, P.A., ("Tampa Bay Podiatry") and states as follows:

## NATURE OF ACTION

1.    This is a complaint for abusive debt collection practices, in violation of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.,* and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.59, *et seq.*

2.    Defendants have attempted to collect an alleged debt from Mr. Gohn of more than $3,500 for medical services rendered by Tampa Bay Podiatry. They have done so despite the fact that Mr. Gohn had (and continues to have) health insurance that covers the services provided. Upon information and belief, Tampa Bay Podiatry's provider agreement requires Tampa Bay Podiatry to make a claim against Mr. Gohn's insurance before billing Mr. Gohn directly for any

amount. Tampa Bay Podiatry failed to do so. Accordingly, Defendants are attempting to collect an amount not due and have misrepresented the legal status of a debt.

3.      For this and other reasons, as set forth in more detail below, Tampa Bay Podiatry and Capital Accounts have violated the FDCPA and FCCPA.

## PARTIES, JURISDICTION, AND VENUE

4.      Plaintiff Thomas Gohn is a natural person residing in Pinellas County, Florida, within the territorial limits of the Middle District of Florida. He is a consumer within the meaning of both the FDCPA and FCCPA.

5.      Capital Accounts, LLC, is a foreign limited liability company with its principal address in Franklin, Tennessee. It is a person within the meaning of the FCCPA and a debt collector within the meaning of the FDCPA.

6.      Tampa Bay Podiatry Associates, P.A., is a Florida professional association with its principal place of business in Hillsborough County, Florida, which is in the territorial limits of the Middle District of Florida. It is a person within the meaning of the FCCPA and a debt collector within the meaning of the FDCPA.

7.      The debt that underlies the allegations of this complaint is for medical services provided to Plaintiff and is a consumer debt within the meaning of both the FDCPA and FCCPA.

8.      Jurisdiction is proper in this court because this is an action under the FDCPA, which is a federal statute and presents a federal question under 28 U.S.C. § 1331. This court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

9.      Venue is appropriate in this district because Plaintiff and Tampa Bay Podiatry are citizens of counties located within the Middle District of Florida and all of the conduct complained of occurred in this district.

## GENERAL ALLEGATIONS

10.     Mr. Gohn received treatment from Tampa Bay Podiatry on or about November 18, 2016.

11.     Before receiving treatment at Tampa Bay Podiatry, Mr. Gohn provided Tampa Bay Podiatry with his insurance information. Specifically, Mr. Gohn provided Tampa Bay Podiatry with his Medicare Card and a health insurance card evidencing private supplemental insurance.

12.     Before Mr. Gohn was treated on or around November 18, 2016, he was advised by Tampa Bay Podiatry that no copayments were due.

13.     Mr. Gohn was again treated by Tampa Bay Podiatry on or around December 21, 2016. Prior to receiving this treatment, Tampa Bay Podiatry again informed him that no copayments were due.

14.     Mr. Gohn was again treated by Tampa Bay Podiatry on or around February 16, 2017. Prior to receiving this treatment, Tampa Bay Podiatry again informed him that no copayments were due.

15.     On or about March 10, 2017, Tampa Bay Podiatry called Mr. Gohn. The Tampa Bay Podiatry representative asked Mr. Gohn again for his insurance information and told Mr. Gohn that he was "not in the Medicare system" and that Tampa Bay Podiatry could not find his coverage.

16.     At all times relevant to this lawsuit, Mr. Gohn has been "in the Medicare system" and is a Medicare beneficiary. He has been on Medicare Parts A and B since February 1, 2014.

17.     During this March 10, 2017, telephone call, Mr. Gohn again provided Tampa Bay Podiatry with his health insurance information.

18.    On April 30, 2017, Mr. Gohn received a bill from Tampa Bay Podiatry in the amount of $3,560.10. A copy of this bill is attached to this Complaint as "Exhibit 1."

19.    This bill instructed Mr. Gohn to make payment not to Tampa Bay Podiatry, but directly to a Dr. Ira Shandles. Accordingly, when Tampa Bay Podiatry sent this letter it was collecting a debt owed to Dr. Shandles.

20.    Upon information and belief, Tampa Bay Podiatry regularly collects debts owed to others in this fashion.

21.    On May 5, 2017, Mr. Gohn received another call from Tampa Bay Podiatry. During this call, a representative from Tampa Bay Podiatry again asked Mr. Gohn for his insurance information and Mr. Gohn again provided it.

22.    On June 10, 2017, Mr. Gohn called Tampa Bay Podiatry because his insurance company had still not been billed. He again gave Tampa Bay Podiatry his insurance information.

23.    On June 15, 2017, Mr. Gohn—frustrated with the process—had a friend call Tampa Bay Podiatry to help him straighten out the insurance billing situation.

24.    During this June 15, 2017 telephone call, Tampa Bay Podiatry informed Mr. Gohn's friend that Mr. Gohn had no insurance and that he would be billed directly for the total amount of his alleged debt for services rendered.

25.    This representation was not true, as Mr. Gohn at all times had health insurance that covered the services Tampa Bay Podiatry provided.

26.    On July 15, 2017, Mr. Gohn again called Tampa Bay Podiatry to straighten the situation out, but no one would speak with him.

27.    On August 10, 2017, Mr. Gohn called Tampa Bay Podiatry again, but no one could explain to him why Tampa Bay Podiatry had not billed his insurance.

28.     On October 20, 2017, Mr. Gohn received a collection notice from Capital Accounts demanding $3,630.55 on behalf of Tampa Bay Podiatry. A copy of this collection notice is attached to the Complaint as "Exhibit 2."

29.     On October 24, 2017, Mr. Gohn again called Tampa Bay Podiatry to resolve the issue and again gave them his insurance information.

30.     On November 1, 2017, Mr. Gohn called Capital Accounts to inform them that he did not owe the debt at issue and that he has insurance that Tampa Bay Podiatry should properly bill. Capital Accounts informed Mr. Gohn that they would not speak with his insurance company or Tampa Bay Podiatry Associates and that the problem was Mr. Gohn's.

31.     On November 24, 2017, Mr. Gohn received a second collection letter from Capital Accounts demanding $3,644.64 on behalf of Tampa Bay Podiatry. A copy of this collection letter is attached to this Complaint as "Exhibit 3."

32.     On December 5, 2017, Mr. Gohn received notification that the alleged debt had been reported to credit reporting agencies.

## SPECIFIC VIOLATIONS

33.     This Complaint includes four counts, alleging that Tampa Bay Podiatry and Capital Accounts have each violated the FDCPA and the FCCPA. These counts are based upon several distinct theories of liability. For the sake of convenience to the Court and notice to Defendants, Mr. Gohn pleads them in detail here.

**Defendants violated the FDCPA and FCCPA by attempting to collect a debt that is not actually due, because Tampa Bay Podiatry failed to bill Mr. Gohn's insurance**

34.     Upon information and belief, Defendant Tampa Bay Podiatry has provider agreements with Medicare and Mr. Gohn's private insurers that require Tampa Bay Podiatry to file claims with the insurers before Tampa Bay Podiatry may bill a plan beneficiary directly.

35.     Regardless, Tampa Bay Podiatry represented to and agreed with Mr. Gohn that they would not bill him directly for services covered by his health insurance.

36.     Upon information and belief, Tampa Bay Podiatry failed in its obligations to file claims with Mr. Gohn's health insurers, and therefore was not entitled to bill Mr. Gohn directly for any services rendered.

37.     Nevertheless, as described above, Defendants did attempt to collect payment for services rendered against Mr. Gohn directly.

38.     In so doing, Tampa Bay Podiatry and Capital Accounts violated the FCCPA by asserting, in connection with the collection of a debt, the existence of a legal right when it knew such legal right did not exist and by attempting to collect a debt not owed. Tampa Bay Podiatry and Capital Accounts further violated the FDCPA by making a misrepresentation in connection with the collection of a debt, by attempting to collect an amount not due, and by engaging in conduct the natural consequence of which is to harass and abuse the debtor.

**Defendants Capital Accounts and Tampa Bay Podiatry violated the FDCPA and the FCCPA by engaging in debt collection activity in Florida without being registered as a consumer debt collection agency with Florida's Office of Financial Regulation**

39.     Defendant Capital Accounts has attempted to collect a debt from Mr. Gohn through its letters dated October 20 and November 24, 2017.

40.     Defendant Capital Accounts acted as a debt collector in this capacity.

41.     Defendant Capital Accounts is not properly registered or licensed with the State of Florida as consumer debt collection agency.

42.     As of December 15, 2015, Defendant Capital Accounts's licensure status with the Florida Office of Financial Regulation is "Denied Tech." A printout of Defendant Capital

Accounts's record with the Office of Financial Regulation is attached as "Exhibit 4" to this complaint.

43.     Defendant Tampa Bay Podiatry attempted to collect a debt on behalf of Dr. Ira Shandles through its letter of April 30, 2017.

44.     Upon information and belief, Tampa Bay Podiatry regularly attempts to collect debts on behalf of others in this manner.

45.     Defendant Tampa Bay Podiatry is not licensed as a consumer collection agency with Florida's Office of Financial Regulation. A copy of the results of an electronic inquiry made with this office for entities with names beginning with "Tampa Bay Podiatry" is attached to the Complaint as "Exhibit 5."

46.     By engaging in debt collection activities without a license, Capital Accounts and Tampa Bay Podiatry have violated the FCCPA and the FDCPA.

**Defendant Capital Accounts violated the FDCPA and FCCPA by failing to include the name of the creditor in its initial communication with Mr. Gohn**

47.     Defendant Capital Accounts sent Mr. Gohn a letter dated October 20, 2017. This letter was the initial communication between Mr. Gohn and Capital Accounts.

48.     This letter demanded "payment in full" on an account with a balance of $3630.55.

49.     The letter lists "Tampa Bay Podiatry" as "creditor" on the referenced account.

50.     In actuality, the creditor on the account was Dr. Ira Shandles, as evidenced by the April 30, 2017 letter from Tampa Bay Podiatry to Mr. Gohn.

51.     Alternatively, the actual creditor on the account was "Tampa Bay Podiatry Associates, P.A."

52.     By failing to properly identify the creditor to whom an alleged debt is owed in its initial communication with Mr. Gohn, Defendant Capital Associates violated Section

1692g(a)(2) of the FDCPA, which explicitly requires such identification. Moreover, Capital Associates violated the FDCPA by using a misrepresentation in connection with the collection of a debt.

53.    By attempting to collect a debt in a manner that violates the FDCPA, Defendant Capital Accounts has violated the FCCPA by asserting the existence of a legal right when it knows that such a right does not exist.

**Defendants Capital Accounts has violated the FDCPA and FCCPA by adding bogus charges to Mr. Gohn's alleged debt**

54.    On April 30, 2017, Defendant Tampa Bay Podiatry sent Mr. Gohn a bill demanding payment in the amount of $3,560.10. This letter itemized Mr. Gohn's alleged debt.

55.    On October 20, 2017, Defendant Capital Accounts sent Mr. Gohn a bill demanding payment in the amount of $3,630.55. This letter contained no explanation for the difference between the amount demanded in this letter and the amount demanded in Tampa Bay Podiatry's April 30, 2017 letter. These additional amounts were not in fact owed.

56.    On November 24, 2017, Defendant Capital Accounts sent Mr. Gohn a bill demanding payment in the amount of $3,644.64. This letter contained no explanation for the difference between the amount demanded in this letter and the amount demanded in its previous letter of October 20, 2017, or the amount demanded in Tampa Bay Podiatry's April 30, 2017 letter. These additional amounts were not in fact owed.

57.    In so doing, Capital Accounts violated the FCCPA by asserting, in connection with the collection of a debt, the existence of a legal right when it knew such legal right did not exist and by attempting to collect a debt not owed. Capital Accounts further violated the FDCPA by making a misrepresentation in connection with the collection of a debt, by attempting to

collect an amount not due, and by engaging in conduct the natural consequence of which is to abuse and harass a debtor.

### Defendant Tampa Bay Podiatry violated the FDCPA and FCCPA by failing to include statutorily required validation language

58.     Defendant Tampa Bay Podiatry's April 30, 2017 letter to Mr. Gohn failed to include validation language required by Section 1692g of the FDCPA.

59.     Defendant Tampa Bay Podiatry's April 30, 2017 letter to Mr. Gohn was the initial communication with Mr. Gohn in connection with the collection of the debt at issue in this suit.

60.     Upon information and belief, Defendant Tampa Bay Podiatry regularly collects debts owed others and is accordingly a debt collector within the meaning of the FDCPA.

61.     Defendant Tampa Bay Podiatry violated the FDCPA by failing to include the validation language required by Section 1692g of the FDCPA.

62.     By violating the FDCPA in connection with the collection of a debt, Defendant Tampa Bay Podiatry violated the FCCPA by asserting the existence of a legal right when it knew such legal right did not exist.

### Defendant Tampa Bay Podiatry violated the FCCPA by misrepresenting Mr. Gohn's creditworthiness to a person other than the debtor or his family

63.     On June 15, 2017, Mr. Gohn's friend called Tampa Bay Podiatry in an effort to straighten out Tampa Bay Podiatry's improper billings.

64.     During the course of this conversation, Tampa Bay Podiatry disclosed to this caller that Mr. Gohn has failed to pay an amount owed Tampa Bay Podiatry and that Mr. Gohn has no insurance.

65.     In so doing, Tampa Bay Podiatry violated the FCCPA by disclosing to a person other than the debtor or her or his family information affecting the debtor's reputation, whether

or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

## COUNT I

### FDCPA violation by Capital Accounts, LLC

66.     Mr. Gohn repeats and realleges paragraphs 1–65 of this Complaint as if set forth fully herein.

67.     As a result of this conduct and as set forth in more detail above, Defendant Capital Accounts, LLC, has violated the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

## COUNT II

### FCCPA violation by Capital Accounts, LLC

68.     Mr. Gohn repeats and realleges paragraphs 1–65 of this Complaint as if set forth fully herein.

69.     As a result of this conduct and as set forth in more detail above, Defendant Capital Accounts, LLC, has violated the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq.*

## COUNT III

### FCCPA Violation by Tampa Bay Podiatry Associates, P.A.

70.     Mr. Gohn repeats and realleges paragraphs 1–65 of this Complaint as if set forth fully herein.

71.     As a result of this conduct and as set forth in more detail above, Defendant Tampa Bay Podiatry Associates, P.A. has violated the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

## COUNT IV

### FCCPA Violation by Tampa Bay Podiatry Associates, P.A.

72.  Mr. Gohn repeats and realleges paragraphs 1–65 of this Complaint as if set forth fully herein.

73.  As a result of this conduct and as set forth in more detail above, Defendant Tampa Bay Podiatry Associates, P.A. has violated the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq.*

## JURY TRIAL DEMAND

Plaintiff request trial by jury in this action.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

a.  Declaring that Defendant Capital Accounts, LLC, has violated the FDCPA.

b.  Declaring that Defendant Capital Accounts, LLC, has violated the FCCPA.

c.  Declaring that Defendant Tampa Bay Podiatry Associates, P.A., has violated the FDCPA.

d.  Declaring that Defendant Tampa Bay Podiatry Associates, P.A., has violated the FCCPA.

e.  Awarding Plaintiff statutory damages against Capital Accounts, LLC, and Tampa Bay Podiatry Associates, P.A., pursuant to 15 U.S.C. § 1692k.

f.  Awarding Plaintiff statutory damages against Capital Accounts, LLC, and Tampa Bay Podiatry Associates, P.A., pursuant to Fla. Stat. § 559.77(2).

f.  Awarding Plaintiff actual damages.

g.  Awarding Plaintiff punitive damages under the FCCPA.

Respectfully submitted this 23rd day of January 2018.

/s/ Frederick W. Vollrath
Frederick W. Vollrath
Florida Bar No. 165812
**Law Office of**
**Frederick W. Vollrath**
P.O. Box 18942
Tampa, Florida 33679
(813) 335-4379
fredvollrath@aol.com
Trial Counsel for Plaintiff