**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**THOMAS J. GOHN**
**Plaintiff**

**Vs.** **CASE NO: 8:18-CV-199-T-17-TBM**

**TAMPA BAY PODIATRY, P.A.**
**ET. AL.**
**Defendants**

______________________________________/

**PLAINTIFF'S RESPONSE TO**
**DEFENDANT TAMPA BAY PODIATRY ASSOCIATES, P.A.S**
**MOTION TO DISMISS COMPLAINT AND SUPPORTING**
**MEMORANDUM OF LAW**

Plaintiff, Thomas J. Gohn, files this his response to Defendant Tampa Bay Podiatry P.A.'s hereafter("TBP") Motion to Dismiss.

TBP's basis for dismissing the federal Fair Debt Collection Practices Act (FDCPA) claim is TBP and Dr. Sandles are related entities and therefore TBP is exempt for the definition of a debt collector under the FDCPA.

The basis for dismissing the Florida Consumer Collection Practices (FCCPA) claim is if the FDCPA claim is dismiss the court loses jurisdiction.

**FDCPA**

15 U.S.C. 1692(a)(6) defines a debt collector as follows:

The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. *For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. (emphasis added)*

TBP seeks to come out from under the provisions of the FDCPA by claiming in its Motion to Dismiss the exemption under 1692(a)(6)(B) which states:

The term does not include --

(B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related

or affiliated and if the principal business of such person is not the collection of debts;

TBP admits it was attempting to collect a debt from Mr. Gohn's, not for TBP, but rather for Dr. Ira Shandles. But, TBP claims it is not subject to the provisions of the FDCPA because Dr. Shandles and TBP are related entities because Dr. Shandles is the President, Secretary, Treasurer, and Director of Tampa Bay Podiatry Associates, P.A.

However, just because Dr. Shandles happens to be individually, President, Secretary, Treasurer, and Director of Tampa Bay Podiatry Associates, P.A. does not in anyway prove in and of itself that TBA and Dr. Shandles, are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts.

The relationship between TBA and Dr. Shandles, individually, will have to be determined through discovery.

The exception to being a "debt collector" under the FDCPA is if the debt is only being collected "if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts."

TBP admittedly was collecting a debt on behalf of another, Dr. Shandles,

rather than itself.

TBP acted as a debt collector for Dr. Shandles The question is, is it exempt for the definition because Dr. Shandler's as a separate entity is "related or affiliated" with TBP.

That is a factual question.

TBP states in it motion, …"under an exception to the FDCPA, anyone who collects debts on behalf of an affiliate to whom it is related by common ownership and control is exempt from the FDCPA if (1) it collects only on behalf of the affiliate, and (2) its principal business purpose is not debt collection. 15 U.S.C. 1692a(6)(B) exempts any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for person to whom it is so related or affiliated and if the principal business purpose of such a person is not the collection of debts")

The legal relationship between TBP and Dr. Shandles are factual questions to determined through discovery.

The fact Dr. Shandles happens to be an officer in TBP is not dispositive of the business relationship between TBP and Dr. Shandles. Are the medical practices of Dr. Shanles and TBP affiliated? If so, in what way? At this stage of the litigation we don't know.

TBP's motion only states in conclusory language that "defendant is not a 'debt collector', but was an affiliate, because it collected debts for entities with which it is related, and its principle business purposes is not debt collection."

There is no evidence in the record to sustain the above statements.

We do not know what the legal relationship is between Dr. Shandles and TBP. All we know is Dr. Shandles is an officer of TBP. That doesn't tell us what the legal relationship between TBP and Dr. Shandles medical practice is.

It appears Dr. Shandles performed medical services for Mr. Gohn separate and apart from TBP and but was being billed for those services by TBP, acting not for itself, but on behalf of Dr. Shandles to collect for those services.

It is actual not possible to tell to who Mr. Gohn owed the debt, Dr. Shandles personally, or TBP.

In its motion TBP admits it regular collects debts on behalf of Dr. Shandler.

The only way to know what the business relationship between the two entities is, is to exam the tax returns, contracts, between Dr. Shandler and TBP, and other documents to determine their relationship.

TBP's motion to dismiss the FDCPA count should be denied. The proper way to address the issue is through a motion for summary judgment the conclusion of discovery.

**FCCPA**

TBP argues the FCCPA count should be dismissed by this Court if the Court grants the motion to dismiss the FDCPA count. This is not the case. This Court still has jurisdiction of the FCCPA claim as the co-defendant, Capital Accounts of Tennessee, LLC, is a third party collector and falls within the FDCPA.

This Court still retains pendent jurisdiction of the FCCPA count against TBP by virtue of the co-defendant being subject to the provisions of the FDCPA.

**MEMORANDUM OF LAW IN SUPPORT OF THOMAS J. GOHN'S RESPONSE TO MOTION TO DISMISS**

Under Federal Rule of Civil Procedure 8(a)(2), a Plaintiff's complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim on which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly,550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "While a complaint attacked by a [Rule] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his [or her] entitlement] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555, 127 S.Ct. 1955 (second alteration in original) (citation omitted) (internal quotation marks omitted).

On a Rule 12(b)(6) motion to dismiss a court must "accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Alvarez v. Attorney Gen. for Fla., 679 F.3d 1257, 1261 (11th Cir.2012). Courts follow a two-prong approach when considering a motion to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.' " Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir.2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ). If "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim meets the "plausibility requirement," but it requires "more than a sheer possibility" that the allegations are true. Id. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned [...] accusation." Id. (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955 (citing Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) )). Pearson v. Convergent Outsourcing, Inc., 132 F. Supp. 3d 1355 (M.D. Fla, 2015).

The complaint against TBP, incorporated herein, sets forth specific allegations of fact as to how TBP violated the provisions of both the FDCPA and/or

FCCPA. It also lays out factual allegations as to why TBP is subject to the FDCPA.

TBP states it is not subject to FDCPA by citing the definitions of "debt collector" under the FDCPA and simply stating in conclusory form that TBP falls within one of the exceptions to the definition.

The sole fact TBP points to is that Dr. Sandles is an officer of TBP as if that fact alone is sufficient to bring TBP out from under the FDCPA's definition of a "debt collector".

But, it is possible for Dr. Sandles to both be an officer of TBP and at the same time be a separate business entity from TPB and that the only relationship is the fact TPB collects debts of Dr. Sandles.

The motion to dismiss should be denied.

**FCCPA**

TBM argues if this Court dismisses the FDCPA claim against TBM, it should also dismiss the FCCPA state claim. But, even if this Court does dismiss the FDCPA claim against TBP this court still has jurisdiction as the co-defendant is a third party collector and subject to the FDCPA.

Federal courts may exercise jurisdiction over state law claims which

are related to the federal claims that are before the court under federal question jurisdiction. 28 U.S.C. § 1367(a) states:

Except as otherwise provided ..., in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

The motion to dismiss the FCCPA claim should be denied.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Clerk of the Federal District Court of Appeals using the **EM/ECF** system this 28th day of April 2018, who has made a distribution of same to all attorneys and parties of record.

/S/*Frederick W. Vollrath*

Frederick W. Vollrath
Attorney at Law
Post Office Box 18942
Tampa, Florida, 33679
813-335-4379
FBN: 165-812
fredvollrath@aol.com